UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LERITHEA ROLAN, *individually and on behalf of all others similarly situated, et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:16-cv-00357-TLS-SLC ) |
| ATLANTIC RICHFIELD COMPANY, *et al.*, | ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is the parties' Joint Motion for Protective Order (DE 114), seeking the approval of a proposed agreed protective order (DE 114-1). Because the proposed order is inadequate in several ways, the parties' motion will be DENIED.

Federal Rule of Civil Procedure Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001)

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order in this case contemplates sealed filings (DE 114-1 at 11), it requires a higher level of scrutiny.

(same).

Here, the proposed order fails to set forth narrow, demarcated categories of legitimately confidential information. It allows a party to designate as "Confidential" material that includes "protected information *such as* trade secrets, non-public research and development, and commercial or financial information." (DE 114-1 at 2). In light of this language, the Court is not satisfied that the parties know what information constitutes confidential material. *See Cincinnati Ins. Co.*, 178 F.3d at 946; *Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order"). The Seventh Circuit has repeatedly held that overly broad protective orders are invalid. *See, e.g., Cincinnati Ins. Co.*, 178 F.3d at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

Also, as stated above, the proposed order allows documents that contain "protected information" to be filed entirely under seal (DE 114-1 at 11), rather than solely protecting the information through redaction. *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Additionally, the Seventh Circuit Court of Appeals has made it clear that a protective

2

order must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Id*. at 946. The proposed order, however, does not contain this language. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of judicial proceedings." *Id*. at 945. The Seventh Circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (citations omitted).

Next, the introduction to the proposed order states that any person subject to the Order "will adhere to the following terms or face contempt sanctions" for not adhering to its terms. (DE 114-1 at 1). The Court is unwilling to adopt this harsh language. Rather, a proposed order more appropriately provides that a violation of the order "may subject the disclosing person or party to sanctions."

Finally, to the extent that page 11 of the proposed order may suggest that the Court will retain jurisdiction over this matter after the termination of this suit, the Court will not retain jurisdiction of any kind after resolution of the case. *See E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc*., No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Therefore, for the foregoing reasons, the Court DENIES the parties' Joint Motion for Protective Order. (DE 114). The parties may submit a revised stipulated protective order

consistent with the requirements of Rule 26(c), this Opinion and Order, and Seventh Circuit case law.

SO ORDERED.

Entered this 3rd day of May 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge