**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| LERITHEA ROLAN, and LAMOTTCA BROOKS, Individually, and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | CAUSE NO.: 1:16-CV-357-HAB-SLC |
| E.I. DU PONT DE NEMOURS AND COMPANY, | |
| Defendant. | |

**OPINION AND ORDER**

The Court conducted a telephonic scheduling conference on November 4, 2019, for the purpose of setting this matter for an evidentiary hearing on Plaintiff Leritha Rolan's and Lamottca Brooks' motion to certify as a class action their negligence claim against Defendant E.I. DuPont De Nemours and Company (DuPont). Plaintiffs allege that DuPont breached a duty of care when it caused environmental contamination of the Class Area, and that this contamination proximately caused their damages.

By way of background, it is undisputed that the Environmental Protection Agency has concluded that USS Lead, Anaconda Lead and International Refining, and DuPont were all sources of contamination through both historic aerial deposition and direct releases to the ground as it relates to a larger Superfund Site that encompasses the proposed Class Area. This, alone, is not sufficient to suggest that the negligence claim should be certified as a class. Because CERCLA is strict liability statute, liability is

imposed when a party is found to have a statutorily defined "connection" with the facility, which makes the party responsible regardless of causation. *United States v. Capital Tax Corp.*, 545 F.3d 525, 530 (7th Cir. 2008) (first citing *NutraSweet Co. v. X–L Eng'g Co.*, 227 F.3d 776, 784 (7th Cir. 2000); then citing *United States v. Hercules*, 247 F.3d 706, 716 (8th Cir. 2001)). However, neither does the fact that numerous industrial actors operated in the area since the 1900's automatically foreclose the certification of a class.

Importantly, <u>whether</u> Plaintiffs will be able to establish that Dupont proximately caused injury to the putative class members is not the issue before the Court when determining whether to certify a class. The issue is <u>how</u> Plaintiffs propose to prove such contamination and injury. The Court must determine whether the same evidence will suffice for each member to make a prima facie showing or whether the issue is susceptible to generalized, class-wide proof. The method of determining the answer, not the answer itself, is the driving consideration under Rule 23(b). *See Messner v. Northshore Univ. Healthsystem*, 669 F.3d 802, 819 (7th Cir. 2012) (noting that Rule 23(b)(3) requires common evidence and methodology, but not common results). However, the method of determining the <u>how</u> must be backed by credible evidence, which is where this case currently falls short.

The Court previously withheld ruling on whether to certify Plaintiffs' negligence claim as a class action. The Court concluded that an evidentiary hearing was necessary to allow Plaintiffs to establish that they could present credible evidence connecting DuPont's actions to injuries to the class that would justify a class action on behalf of all residents of the West Calumet Housing Authority. Plaintiffs believe that additional

2

discovery is necessary, and that the bifurcation of discovery has impacted their ability to make the requisite showing of predominance. DuPont asserts that it will be impossible for Plaintiffs to identify a common methodology to show that DuPont's contamination impacted the entire class.

Having considered the parties' arguments and having reviewed the record of the case to this point, the Court will deny the amended motion for class certification, without prejudice to refiling. This, of course, eliminates the need for an evidentiary hearing. Additionally, the Court finds that bifurcation of discovery is no longer the most efficient manner of proceeding.

"[D]istrict courts have broad discretion in discovery matters." *James v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013) (citing *Kalis v. Colgate–Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir. 2000)). This discretion extends to a district court's decision to bifurcate discovery. *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2004 WL 609326, at *2 (N.D. Ill. Mar. 23, 2004) (citing cases). Although the Federal Rules of Civil Procedure do not explicitly allow for bifurcated discovery, the advisory committee notes to Rule 23 recognize that bifurcation may be appropriate in the class action context. Fed. R. Civ. P. 23(c), Advisory Committee Notes, 2003 Amendment. The notes were provided in connection with the change to the Rule that the decision whether to certify the action as class action should occur "[a]t an early practicable time after a person sues." Previously, the Rule required a decision "as soon as practicable after commencement of an action." *Id.* The note provides:

> Time may be needed to gather information necessary to make the certification decision. Although an evaluation of the probable outcome on the merits is not properly part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense it is appropriate to conduct controlled discovery into the "merits," limited to those aspects relevant to making the certification decision on an informed basis. Active judicial supervision may be required to achieve the most effective balance that expedites an informed certification determination without forcing an artificial and ultimately wasteful division between "certification discovery" and "merits discovery."

*Id.*

When ruling on motions to bifurcate class certification and merits discovery, courts consider the following factors: (1) expediency, meaning whether bifurcated discovery will aid the court in making a timely determination on the class certification motion; (2) economy, meaning the potential impact a grant or denial of certification would have upon the pending litigation and whether the definition of the class would help determine the limits of discovery on the merits; and (3) severability, meaning whether class certification and merits issues are closely enmeshed. *Harris v. comScore, Inc.*, No. 11 CV 5807, 2012 WL 686709, at *3 (N.D. Ill. Mar. 2, 2012) (internal quotation marks and citations omitted). *The Manual for Complex Litigation* advises that "[d]iscovery relevant only to the merits delays the certification decision and may ultimately be unnecessary." *Manual for Complex Litigation (Fourth)*, § 21.14. Where merits bifurcation would result in significant duplication and expense, however, the *Manual for Complex Litigation* suggests that discovery proceed concurrently. *Id.* § 11.213.

Having reviewed the pertinent factors, the Court finds that bifurcation of discovery, first approved nearly three years ago—in January 2017—is no longer the most

4

appropriate or efficient manner to proceed. First, bifurcated discovery will not aid the Court in reaching a decision on the issue of class certification more expeditiously than it otherwise would. Whatever gain in expediency bifurcation was intended to produce has since been lost. With the litigation substantially streamlined since the original decision to bifurcate discovery (*see, e.g.*, July 26, 2017, Opinion & Order (dismissing Plaintiff's nuisance and negligence claims against Atlantic Richfield Company, dismissing nuisance claim against DuPont); Oct. 22, 2019, Opinion & Order (granting Atlantic Richfield Company's Motion for Summary Judgment on CERCLA recovery claim)), combined with the length of time this case has already been pending, the Court sees no practical efficiency in bifurcating discovery.

What is more, Plaintiffs have made no indication that, absent certification, they do not intend to proceed with their individual claims. Accordingly, even if the claim is not certified as a class action, merits-based discovery will be necessary and undertaking it now will not be a waste of time and effort. *See Manual For Complex Litigation (Fourth)*, § 21.14; *see also McLaughlin on Class Actions (Eighth)* § 3:10 (2011) ("Courts are more likely to decline requests to stay pure merits discovery when the nature of the putative representative's claims suggests that it would continue to prosecute individual claims if certification is denied."); *Armendariz v. Santa Fe Cty. Bd. of Commissioners*, No. 17CV339-WJ-LF, 2018 WL 487300, at *1 (D.N.M. Jan. 18, 2018) ("The likelihood of the continuation of individual claims, regardless of class certification, belies whatever time and expense may be saved in the future through the narrowing of discovery pursuant to the resolution of class certification motions." (quoting *In re Plastics Additives Antitrust Litig.*, 2004 WL

2743591, at *4 (E.D. Pa. Nov. 29, 2004) (bracket omitted)). In fact, proceeding to merits discovery will move the case along without duplication of efforts.[1]

Additionally, the boundary between the class inquiry and the merits have proven blurry with respect to the negligence claim against DuPont. Courts have increasingly recognized that class determination generally involves considerations that are enmeshed in the factual and legal issues comprising a plaintiff's cause of action. In those cases, as here, the court's rigorous analysis frequently entails some overlap with the merits of the plaintiff's underlying claim. In those cases, "[a]rbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes." *Manual For Complex Litigation (Fourth)*, § 21.14

As the earlier discovery disputes in this case demonstrate, "[d]istinguishing between class certification discovery and merits discovery [can] be a thorny issue." *Mbazomo v. ETourandTravel, Inc.*, 2017 WL 2346981, at *5 (E.D. Cal. May 30, 2017). The recent telephone conference all but confirmed that discovery in this case will likely continue to be contentious, particularly as it concerns the distinction between class and merits discovery. Continued bifurcation will likely cause, not avoid, additional judicial

---

[1] In the event the negligence claim is certified as a class action, the only additional discovery will concern the damages for each class member, which will be the members responsibility to prove. *See, e.g.*, Fed. R. Civ. P. 23(c)(4) (noting that an action may be maintained as a class action as to particular issues only); *Id.*, Advisory Committee Notes, 1966 Amendment (citing as an example a fraud or similar case that "may retain its 'class' character only through the adjudication of liability as to the class; the members of the class may thereafter be required to come in individually and prove the amounts of their respective claims."). "If the issues of liability are genuinely common issues, and the damages of individual class members can be readily determined in individual hearings, in settlement negotiations, or by creation of subclasses, the fact that damages are not identical across all class members should not preclude class certification." *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013).

6

resources to be wasted on determining which discovery relates to the class or to class certification, as opposed to the named plaintiffs and the merits.

Having found that there is nothing to gain in terms of judicial economy by bifurcating discovery, the Court also finds that there is nothing to gain by keeping Plaintiff's Amended Motion for Class Certification under advisement. Plaintiffs have not yet presented credible evidence of how they intend to connect DuPont's actions to injuries to the class that would justify a class action on behalf of all residents of the West Calumet Housing Authority. Accordingly, the Court denies Plaintiffs' Amended Motion for Class Certification. This is in keeping with the 2003 Amendments to Rule 23(c)(1)(C), which eliminated the provision that a class certification "may be conditional." Rule 23, Advisory Committee Notes, 2003 Amendment ("A court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met."). If, upon further discovery, Plaintiffs believe they can meet the requirements for class certification, they can file the appropriate motion. *See* Rule 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

Again, the Court understands Plaintiffs to be asserting that the limits on discovery have hampered their ability to meet the predominance standard for class certification. Until further discovery is conducted, no judicial economy is served by withholding ruling for a showing that may never be forthcoming. Neither is there any prejudice in denying the request for class certification and continuing with the litigation on behalf of the individual named parties.

## CONCLUSION

For the reasons stated above, the motion to grant class certification for the negligence claim against DuPont [ECF No. 129] is DENIED without the need for an evidentiary hearing. The Court refers this matter to Magistrate Judge Susan Collins to set case related deadlines, including discovery, which is no longer bifurcated.

SO ORDERED on November 5, 2019.

                                            s/ *Holly A. Brady*
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT